Matter of Dowlah v City Univ. of N.Y. (2020 NY Slip Op 07491)





Matter of Dowlah v City Univ. of N.Y.


2020 NY Slip Op 07491


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 653103/19 Appeal No. 12634 Case No. 2019-04388 

[*1]In the Matter of Caf Dowlah, Petitioner-Appellant,
v
The City University of New York, et al, Respondents-Respondents.


Caf Dowlah, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 11, 2019, which denied the petition brought pursuant to CPLR article 75, seeking to vacate an arbitrator's opinion and award, dated March 7, 2019, finding that respondents had just cause to terminate petitioner's employment, and granting respondents' cross motion to dismiss the proceeding, unanimously affirmed, without costs.
Pro se petitioner was a tenured associate professor of economics at respondent Queensborough Community College. After several "guidance" memoranda were placed in his personnel file concerning disrespectful written statements to coworkers, in 2015 a disciplinary proceeding was instituted against him for similar conduct. The arbitrator in that proceeding found that petitioner's conduct was unbecoming of a member of the college's staff and imposed the penalty of a letter of reprimand being placed in his personnel file. The letter noted the findings of the arbitrator; advised petitioner to commit to taking steps necessary to maintain a civil tone with coworkers; and warned him that additional incidents may lead to further disciplinary action.
On May 26, 2018, after being denied promotion to full professor by the select committee, petitioner sent an email to committee members stating, in part, that "bringing down a fellow colleague so unscrupulously and so unjustly may bring great joy to your miserable lives," but it made him "feel like a piece of dirt" and ruined his life forever. He wrote: "I damn you all to hell-may your bodies and souls burn in eternal fires." Respondents filed charges seeking to terminate petitioner's employment based on conduct unbecoming a staff member.
After a hearing, the arbitrator determined that respondents had just cause to terminate his employment. Petitioner challenges this finding and asserts that the penalty imposed was disproportionate to the offense.
An arbitration award may be vacated only if the court finds that the party's rights were prejudiced by corruption, fraud or misconduct in procuring the award or the partiality of an arbitrator appointed as a neutral; where the arbitrator exceeded his or her power or so imperfectly executed it that a final and definite award was not made; or where the arbitrator failed to follow the procedure set forth in CPLR 7511(b)(1) ( Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155 [1995]).
A court should not vacate an arbitration award based on errors of law and fact or assume the role of overseers to make the award conform to the court's sense of justice (see United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 83 [2003]).
Here, the arbitrator's findings are supported by the record and are not arbitrary, capricious or irrational. Although petitioner disputes that the email he sent to the committee members was threatening because he had no history of violence, the committee members did not know him and [*2]their testimony about their reaction to the email was found credible by the arbitrator.
The record also reveals that petitioner received due process in that he was represented by counsel at the hearing and had the opportunity to call and cross-examine witnesses, present documentary evidence and make arguments. His assertion that the arbitrator was biased against him was not supported by any evidence in the record.
Additionally, the penalty imposed, which may seem harsh given petitioner's lengthy and satisfactory service at the college, was not so disproportionate to the offense as to shock the conscience (see Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). Although petitioner acknowledged that his email to the faculty committee members was a mistake in judgment, he received numerous prior warnings about disrespectful and intemperate writings to staff and coworkers. The arbitrator reasonably concluded that a more lenient penalty was unlikely to change petitioner's unprofessional conduct (see Matter of Miller v City of New York, 168 AD3d 600, 601 [1st Dept 2019]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020